1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
   TREANDOUS COTTON,                        Nos.    C 13-3744 WHA (PR)
9
             Plaintiff,                     **ORDER OF PARTIAL DISMISSAL**
10                                          **AND OF SERVICE; DENYING**
     vs.                                    **MOTION FOR APPOINTMENT OF**
11                                          **COUNSEL**
   MATTHEW CATE; RANDY
12 GROUNDS; J. YOUNG; A.
   LANDOU; DOES,
13
             Defendants
14                                          (Dkt. 3)
15 _____/

16                            **INTRODUCTION**

17        Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983.  He has been

18 granted leave to proceed in forma pauperis in a separate order.  After a review of the amended

19 complaint pursuant to 28 U.S.C. 1915A(a), the claims against defendants Matthew Cate and

20 Randy Grounds are dismissed, and the complaint is ordered served upon defendants J. Young

21 and A. Landou.

22                              **ANALYSIS**

23 **A.    STANDARD OF REVIEW**

24        Federal courts must engage in a preliminary screening of cases in which prisoners seek

25 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

27 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

28 monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

*United States District Court*
For the Northern District of California

1    se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

2    (9th Cir. 1990).

3         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

5    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

6    upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

7    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

8    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

9    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

10   do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

11   level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

12   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

13   at 1974.

14        To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

15   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

16   that the alleged deprivation was committed by a person acting under the color of state law.

17   *West v. Atkins*, 487 U.S. 42, 48 (1988).

18   **B.    LEGAL CLAIMS**

19        Plaintiff alleges that he is a member of an African religion called Shetaut Neter.  He

20   alleges that he filed a request form with defendant J. Young, the prison chaplain, for services for

21   his religion.  He alleges that he does not have access to other inmates to determine who else

22   might be a member of his religion.  According to plaintiff, he never received a response to his

23   request, so he filed an administrative grievance in which he also requested a chaplain of his

24   religion and a variety of items for his worship.  When he received no response to his grievance,

25   he wrote a letter to the Warden, defendant Grounds, complaining that he did not receive a

26   response to his administrative grievance.

27        Plaintiff claims that the failure to respond to his administrative grievances violates his

28   constitutional rights.  Failure to respond to or properly process administrative appeals is not a

*United States District Court*
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    constitutional violation because there is no constitutional right to a prison administrative appeal

2    or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  Consequently,

3    such a claim will be dismissed against all defendants.

4         Plaintiff's allegations, when liberally construed, do state cognizable claims for the

5    violation of his right to the free exercise of religion under the First Amendment, and his rights

6    under the Religious and Land Use of Institutionalized Persons Act against defendant J. Young.

7         Plaintiff has alleged no conduct by defendant Landou.  "A plaintiff must allege facts, not

8    simply conclusions, that show that an individual was personally involved in the deprivation of

9    his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Liability may be

10   imposed on an individual defendant under Section 1983, moreover, only if the plaintiff can

11   show that the defendant proximately caused the deprivation of a federally protected right.  *Leer*

12   *v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).   Plaintiff has not alleged how Landou was

13   personally involved in the deprivation of his constitutional rights, let alone how he might have

14   proximately caused such a violation.  He has not, therefore, stated a cognizable claim against

15   Landou.

16        Plaintiff has also not stated a cognizable claims against the two supervisor defendants,

17   Grounds (the Warden) and Cate (the C.D.C.R. Director).  A supervisor may be liable under

18   Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or

19   (2) a sufficient causal connection between the supervisor's wrongful conduct and the

20   constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).  Under no

21   circumstances is there liability under Section 1983 solely because one is responsible for the

22   actions or omissions of another.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff

23   alleges that Cate is generally responsible for supervision, monitoring, and creating policies, but

24   there is no allegation as to which policies prevented him from properly observing his faith or

25   how they did so.  Plaintiff alleges that Grounds did not respond to the letter in which plaintiff

26   complained about the lack of a response to his administrative grievance, but there is not how

27   Grounds caused plaintiff not to receive the religious services he requested.  Plaintiff has not

28   alleged how Cate and Grounds were personally involved in preventing him from exercising his

1   religious rights, nor has he alleged conduct by them that proximately caused a violation of such

2   rights.  Consequently, the has not stated a plausible claim for relief against them.

### CONCLUSION

4       For the reasons set out above, it is hereby ordered as follows:

5       1.  The claims against Matthew Cate, Randy Grounds and A. Landou are **DISMISSED**.

6       2.  The clerk shall issue summons and the United States Marshal shall serve, without

7   prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this

8   order upon defendant **Chaplain J. Young** at **Salinas Valley State Prison**.  A courtesy copy of

9   the complaint with attachments and this order shall also be mailed to the California Attorney

10  General's Office.

11      3.  Defendants **shall** file an answer that complies with the Federal Rules of Civil

12  Procedure.

13      4.  In order to expedite the resolution of this case:

14          a.  No later than **91 days** from the date this order is filed, defendants shall file a

15  motion for summary judgment or other dispositive motion.  If defendants are of the opinion that

16  this case cannot be resolved by summary judgment, they shall so inform the court prior to the

17  date the summary judgment motion is due.  All papers filed with the court shall be promptly

18  served on the plaintiff.

19          b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

20  court and served upon defendants no later than **28 days** from the date of service of the motion.

21  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

22  him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and

23  *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

24      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

25  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

26  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

27  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

28  *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

**United States District Court**
For the Northern District of California

    c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e.  Along with their motion, defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion without prejudice.

    4.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7.  The motion for appointment of counsel (dkt. 3) is **DENIED** without prejudice.

    IT IS SO ORDERED.

Dated: September ___24___, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed.  If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings.  You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question.  Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.