IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREANDOUS COTTON,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTHEW CATE; RANDY GROUNDS; J. YOUNG; A. LANDOU; DOES,<br><br>  Defendants<br>_____/ | Nos.   C 13-3744 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM; STAYING CASE**<br><br>(Docket No. 34) |

**INTRODUCTION**

Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order. After a review of the complaint pursuant to 28 U.S.C. 1915A(a), the claims against defendants Matthew Cate, Randy Grounds and A. Landou were dismissed, but it was determined that plaintiff had stated cognizable claims against J. Young, a chaplain at Salinas Valley State Prison ("SVSP"), for violating his rights under the First Amendment and the Religious and Land Use of Institutionalized Persons Act ("RLUIPA"). The complaint was served upon Young, who filed a motion to dismiss that he subsequently withdrew. Young then filed a motion for summary judgment, plaintiff filed an opposition and Young filed a reply brief. After consideration of these papers, the supporting

exhibits and the other documents filed herein, Young's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**, and the case is referred to the Pro Se Prisoner Mediation Program.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Ibid*. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Ibid*. The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id.* at 1172. Once the defendant has carried that burden, the prisoner has the burden of production. *Ibid*. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case

that made the existing and generally available administrative remedies effectively unavailable to him. *Ibid*. The ultimate burden of proof remains with the defendant. *Ibid*.

## II. LEGAL ARGUMENTS

Plaintiff alleges that he is a member of an African religion called Shetaut Neter. He alleges that he filed a request form with defendant J. Young, the prison chaplain, for services for his religion. Young responded by telling him to make a "list" and that the prison was short of staff. Plaintiff responded in turn that he does not have access to other inmates to determine who else might be a member of his religion. He never heard back from Young. According to plaintiff, he then filed an administrative appeal in which he requested services, a chaplain of his religion, and a variety of items for his worship, but he never received a response.

### 1. EXHAUSTION

Defendant moves for summary judgment on the grounds that plaintiff did not exhaust his claims through all available administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." 15 Cal. Code Regs. § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of review: (1) a first level appeal on a CDC 602 inmate appeal form to the Appeals Coordinator, (2) second level appeal to the "hiring authority or designee at a level no lower than Chief Deputy Warden," and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *Id.* § 3084.7; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38; 15 Cal. Code Regs. § 3084.1(b). At each level of review, the appeal must be

3

1  submitted within 30 calendar days of the decision or action being appealed. *Id.* § 3084.8(b).
2  Prison officials must provide the inmate with a decision within 30 working days of receipt of
3  the appeal at the first and second levels of review, and within 60 working days of receipt of the
4  appeal at the third level of review. *Id.* § 3084.8(c).

5        Plaintiff attached to his complaint a photocopy of a CDC 602 administrative appeal,
6  dated February 26, 2013, directed at the first level of review, in which he requested a chaplain
7  in Shetaut Neter religion, services, a fund-raiser, and various religious items (Compl. Exh. C).
8  The section of the form for staff response to the grievance is blank (*ibid.*). Defendant has
9  submitted evidence that neither the Appeals Coordinator, to whom first level administrative
10 appeals are submitted, nor the Community Resource Manager, to whom the Appeals
11 Coordinator refers any administrative appeals about religious services, have any record of
12 receiving the grievance plaintiff claims to have submitted (Medina Del. ¶¶ 9-10, Exh. A;
13 Hernandez Decl. ¶¶ 2-4). Both of these officials keep databases and electronic records of
14 appeals received by them, and plaintiff's administrative appeal does not appear therein (Medina
15 Del. ¶¶ 9-10, Exh. A; Hernandez Decl. ¶¶ 2-4). Defendant has also submitted evidence that
16 plaintiff did not submit the appeal to the second or third levels of review (Medina Decl. ¶¶ 9-
17 10, Exh. A; Hernandez Decl. Pp 3-4; Briggs Decl. ¶¶ 7-8). In his opposition, which is verified,
18 plaintiff reiterates that he submitted the administrative appeal attached to his complaint, and
19 states that he put it in an envelope addressed to the Appeals Coordinator on February 26, 2013
20 (Opp. 4, Exh. B). He agrees that he did not submit the administrative appeal to the second or
21 third levels, but he states that is because he never received a response at the first level (Opp. 4;
22 Compl. 2, 9). Plaintiff further states that when he received no response to his administrative
23 appeal at the first level, he wrote to the SVSP Appeals Coordinator on March 6, 2013, on a
24 CDCR-22 form inquiring into the status of his administrative appeal (Opp. 4, Exh. C). After he
25 received no response, he wrote to the Warden on April 14, 2013, inquiring into the status of the
26 administrative appeal, but he received no response to that either (Opp. 4-5, Exh. D). These
27 officials state that they did not receive plaintiff's inquiries (Medina Decl. Pp 8; Gutierrez Decl.
28 Pp 3). Plaintiff does not dispute that he is aware of the exhaustion requirement and that the

4

different levels of administrative appeals available to him, having pursued such appeals on other occasions (Opp. 5).

There is a genuine factual dispute as to whether plaintiff submitted the administrative appeal to the first level of review. On the one hand, defendant has shown that records are kept when such appeals are received by the Appeals Coordinator and that there is no record of the an appeal from plaintiff concerning defendant's failure to provide religious services and other religious items to plaintiff. On the other hand, plaintiff has submitted a copy of an administrative appeal concerning these matters on the correct form, dated February 26, 2013, and he states under penalty of perjury in his verified complaint and verified opposition that he submitted it to the Appeals Coordinator in an envelope addressed to the SVSP appeals office. Defendant argues that there is no stamp or mark on the administrative appeal showing that it was received at by the Appeals Coordinator or any other prison official. The absence of a stamp or marking acknowledging receipt does not necessarily mean that plaintiff did not *submit* the appeal, as is required by the prison regulation, 15 Cal. Code Reg. 3084.7(a), only that it was either not received by the Appeals Coordinator or that it was received but not returned to him with a stamp on it. There is a genuine factual dispute because, drawing all inferences from the evidence in plaintiff's favor, a reasonable fact-finder could believe plaintiff's sworn statement that he prepared and sent the administrative appeal to the Appeals Coordinator — the first level of review — on February 26, 2013.

This factual dispute is material because defendant has not shown that it was insufficient for plaintiff to only submitted the appeal to the first level of review, even if he received no response to that appeal. It is undisputed that plaintiff did not receive a response from prison officials to his appeal at the first level of review. The applicable prison regulations, which control the question of how to properly exhaust administrative remedies under the PLRA, *see Jones v. Bock*, 549 U.S. 199, 218 (2007), do not state that an inmate may proceed to the second and third levels after receiving no response at the first level. *See* 15 Cal. Code Regs. § 3084.7. Defendant argues that even if plaintiff did file the appeal at the first level and received no response, he had to nonetheless file an appeal at the second and third levels in order to properly

5

1 exhaust under the PLRA. A defendant may not simply rely on the existence of an
2 administrative review process to overcome a showing that actions — or in this case in action —
3 by prison officials preventing an inmate's attempt to follow the prison's administrative appeal
4 procedures, as they carry the ultimate burden of proof of failure to exhaust. *See Williams v.*
5 *Paramo*, 775 F.3d 1182, 1192 (9th Cir. 2015) (reversing grant of summary judgment to
6 defendants on issue of exhaustion where defendants' evidence did not rebut prisoner's evidence
7 that administrative remedies were not available to her because her attempt to exhaust was
8 thwarted by prison officials, nor show that prisoner failed to follow existing prison procedures).
9 Defendant does not cite any authority that a California inmate who has received no response at
10 the first level of review may nevertheless proceed to the second and third levels of review, or
11 any authority that the PLRA requires inmates generally to proceed to higher levels of review
12 when prison officials do not respond at the lower levels. Absent such authority, defendant has
13 not shown that the second and third levels of review were available to plaintiff, and therefore
14 required to properly exhaust under the PLRA, after plaintiff did not receive a response to his
15 appeal at the first level of review.

16 To the extent that defendant's argument is based on equitable grounds, the equities do
17 not run against plaintiff. Plaintiff has submitted evidence that he did not sit idle after
18 submitting his first level of review, but that he inquired into its status first from the Appeals
19 Coordinator and then from the Warden, the latter of which he made after the time to review the
20 appeal had expired. Although there is evidence that prison officials did not receive these
21 inquiries, at this stage of the proceedings it must be assumed that plaintiff made the inquiries
22 because a reasonable fact-finder could believe his sworn statements, supported by
23 documentation.

24 Defendant is not entitled to summary judgment on exhaustion grounds because there is a
25 triable factual issue as to whether plaintiff properly exhausted the administrative remedies that
26 were available to him on his claim against defendant.

27     2.    MONETARY DAMAGES

28 Defendant argues, and plaintiff does not dispute that he may not receive monetary

6

damages on his claims under RLUIPA. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (state prison officials sued in individual capacity not liable for monetary damages for violations of inmate's rights under RLUIPA). Defendant's summary judgment motion on these grounds will be granted. This does not affect the availability of money damages to plaintiff under the First Amendment.

3. REFERRAL TO PRO SE PRISONER MEDIATION PROGRAM

As noted above, where as here there are disputed material facts and summary judgment is denied, the district judge should determine the facts in a "preliminary proceeding." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). This case, however, appears to be particularly amenable to resolution in mediation: plaintiff seeks accommodation of his religious practices, and because of the unique history of this case, neither defendant nor other prison officials have equivocally expressed opposition to providing them in full or in part. Accordingly, prior to requiring the parties to undergo the cost of a preliminary fact-finding proceeding on exhaustion and trial, this case is referred to Magistrate Judge Nandor J. Vadas in the court's Pro Se Prisoner Mediation Program. The program is for certain prisoner civil rights cases which are referred to a neutral magistrate judge for prisoner mediation proceedings. The proceedings consist of one or more conferences as determined by the mediator.

**CONCLUSION**

Defendant Young's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**; the exhaustion argument is denied, and the motion is granted on the claims for damages under RLUIPA.

This case is **REFERRED** to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this case except those related to the mediation and compliance with the subpoena as ordered above are **STAYED** pending completion of that procedure.

The mediation proceedings shall take place within 120 days of the date this order is entered. Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of

7

the mediation proceedings, file a report. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

The clerk shall send a copy of this order to Magistrate Judge Nandor Vadas.

**IT IS SO ORDERED.**

Dated: March   17   , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE